## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CRAZY DEBBIES FIREWORKS LLC,
dba Red Rhino Fireworks,

<em>Plaintiff,</em>

   v.

DYNOMITE FIREWORKS, LLC, and
DYNOMITE WHOLESALE, LLC,

<em>Defendants.</em>

Case No. 2:18-cv-2323

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Crazy Debbies Fireworks LLC, dba Red Rhino Fireworks ("Red Rhino"), for its Complaint against Defendants Dynomite Fireworks, LLC, and Dynomite Wholesale, LLC (collectively, "Dynomite"), alleges and states as follows:

## NATURE OF THE CASE

1.    This is an action for unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125, and for trademark infringement and unfair competition under the laws of the State of Kansas.

## THE PARTIES

2.    Plaintiff Debbies Fireworks LLC is a limited liability company duly organized and existing under the laws of the State of Nevada and having its principal place of business at 6659 S. Highway 43, Joplin, Missouri 64804.

3.    On information and belief, Defendant Dynomite Fireworks, LLC is a limited liability company duly organized and existing under the laws of the State of Missouri and having its principal place of business at 885 W. Steel St., Seymour, Missouri 65746.

4. On information and belief, Defendant Dynomite Wholesale, LLC is a limited liability company duly organized and existing under the laws of the State of Missouri and having its principal place of business at 885 W. Steel St., Seymour, Missouri 65746.

5. On information and belief, Dynomite Fireworks, LLC and Dynomite Wholesale, LLC are related entities that are under the same direction and control, and thus are collectively referred to as "Dynomite" throughout this complaint for convenience.

## JURISDICTION AND VENUE

6. This action arises under the United States trademark laws, Title 15, United States Code. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a)–(b), and 15 U.S.C. § 1121. This action also alleges violations under Kansas common law. This Court has supplemental jurisdiction of those claims under 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over Dynomite at least because Dynomite, on information and belief, regularly does business in this district and derives substantial revenue in this district, including, without limitation, by selling fireworks to Kansas-based customers, and because Dynomite is infringing Red Rhino's trademark in this district. More particularly, on information and belief, at least some of Red Rhino's Kansas-based customers regularly purchase fireworks from Dynomite including the ASSASSIN-branded fireworks that form the subject matter of this complaint.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) at least because Dynomite is subject to personal jurisdiction in this district and because a substantial part of the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

9. Red Rhino is a leading wholesale fireworks distributor.

2

10.     For years, Red Rhino has consistently been using the ASSASSIN mark to market certain of its fireworks. For example, Red Rhino's 2012–2014 catalogs, portions of which are reproduced below, prominently show the ASSASSIN-branded fireworks:

 

3









11.    Red Rhino's 2015–2018 catalogs include similar ASSASSIN-branded fireworks.

4

12.     Over the years, Red Rhino has spent substantial sums to advertise and promote its fireworks provided under the ASSASSIN mark, including within the States of Kansas and Missouri. For example, Red Rhino prominently features the ASSASSIN mark on its website, http://www.redrhinofireworks.com/assassin.html, a screenshot of which is provided below:



13.     As a result of its consistent efforts in promoting the mark, Red Rhino has achieved significant goodwill in connection with the ASSASSIN mark, and the mark and its associated goodwill are quite valuable. Moreover, by virtue of Red Rhino's extensive and continuous use of the ASSASSIN mark in connection with its fireworks, the ASSASSIN mark has come to be associated with Red Rhino and its fireworks.

14.     On information and belief, Dynomite is infringing Red Rhino's rights in the ASSASSIN mark by using the ASSASSIN mark in connection with its sales of fireworks.

15.     Dynomite's ASSASSIN mark is identical in sight, sound, meaning, and commercial impression to Red Rhino's ASSASSIN mark, and thus Dynomite's ASSASSIN-branded fireworks are likely to be confused with Red Rhino's ASSASSIN-branded fireworks.

16.     On information and belief, Dynomite's ASSASSIN-branded fireworks are identical to and/or highly similar to Red Rhino's ASSASSIN-branded fireworks.

17.     On January 24, 2018, counsel for Dynomite sent Red Rhino a letter alleging that Red Rhino's use of the ASSASSIN mark infringes Dynomite's rights. A copy of the January 24, 2018 letter is attached as Exhibit A.

18.     The letter first purports that Dynomite Fireworks, LLC is "the owner of U.S. Registration No. 4,936,828 for the mark ASSASSIN for 'fireworks,'" and encloses a copy of the federal registration certificate. The enclosed certificate, however, lists Dynomite Wholesale, LLC as the owner of the mark, and the Patent and Trademark Office online records similarly lists Dynomite Wholesale, LLC as the owner of record.

19.     The letter further states that Dynomite has used the ASSASSIN mark on "products since at least as early as May 1, 2015." This date is consistent with the registration certificate, which lists the same date of the first use in commerce. To evidence Dynomite's use of the ASSASSIN mark, the letter directs Red Rhino to Dynomite's website, www.dynomitefireworks.com. Screenshots of that website are below, which show just some of the numerous instances of Dynomite's use of the ASSASSIN mark for fireworks:











20.     In the letter, counsel for Dynomite concedes that there is a likelihood of confusion between the two parties' use of the ASSASSIN mark for fireworks, asserting that "[c]learly, the sale of [Red Rhino's ASSASSIN-branded fireworks] is misleading the consuming public into believing they originate from Dynomite or are authorized by Dynomite."

21.     Finally, the letter asserts that Red Rhino's use of the ASSASSIN mark for fireworks infringes Dynomite's federal registration rights and is a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and thus demands that Red Rhino (1) cease all sale of products featuring the ASSASSIN mark; (2) remove any products featuring the ASSASSIN mark from Red Rhino's website, catalog, and third-party websites where Red Rhino products are sold; (3) terminate all use of the images featuring the ASSASSIN mark; (4) deliver up for destruction all products featuring the ASSASSIN mark; and (5) provide a full and complete accounting of all sales generated from the use of the ASSASSIN mark.

22.     But because Red Rhino's use of the ASSASSIN mark for fireworks predates Dynomite's May 1, 2015 use by several years, counsel for Red Rhino first responded on February

5, 2018, by explaining that it disagreed with Dynomite's conclusion that Red Rhino is infringing Dynomite's rights under the Lanham Act. A copy of the February 5, 2018 letter is attached as Exhibit B.

23.    The February 5, 2018 letter explains that Red Rhino "has been consistently using the ASSASSIN mark on fireworks since a date prior to May 1, 2015 in the same trade areas as Dynomite Fireworks" and "Red Rhino's Fireworks' rights in the ASSASSIN mark thus apparently predate any claim Dynomite Fireworks may have to the mark." The letter further requested that Dynomite "provide any information you may have showing that Dynomite Fireworks' priority in the mark predates May 1, 2015," and asked Dynomite to do so by February 19, 2018.

24.    Counsel for Red Rhino sent numerous emails to Dynomite's counsel reminding it of the February 5, 2018 letter and asking when Red Rhino could expect a response. But neither Dynomite nor its counsel ever responded to the February 5, 2018 letter. The email chain between counsel is attached as Exhibit C.

25.    Counsel for Red Rhino thus sent a follow-up letter to Dynomite's counsel on May 16, 2018. A copy of the May 16, 2018 letter is attached as Exhibit D.

26.    In the May 16, 2018 letter, Red Rhino's counsel explained that because Dynomite never provided Red Rhino with any evidence that Dynomite began use of the ASSASSIN mark for fireworks prior to the May 1, 2015 date of first use alleged in the trademark registration, Red Rhino believes it has superior rights in the mark due to its prior use. Thus, the letter requested that Dynomite (1) immediately withdraw its allegations that Red Rhino's use of ASSASSIN infringes Dynomite's rights; (2) immediately cease all use of the ASSASSIN mark; (3) transfer ownership of U.S. Registration No. 4,936,828 to Red Rhino, and (3) pay Red Rhino all profits realized by Dynomite from sales of fireworks bearing the ASSASSIN mark.

27.     Red Rhino requested a response to the May 16, 2018 letter by May 22, 2018 but has not yet received a response.

28.     Despite being on notice that Red Rhino's use of the ASSASSIN mark predates Dynomite's use of the mark in light of the various letters and emails provided to Dynomite and its counsel by Red Rhino's counsel, Dynomite continues to use the ASSASSIN mark in connection with its sales of fireworks. For example, despite Red Rhino's May 16, 2018 letter requesting Dynomite immediately cease all use of the ASSASSIN mark, Dynomite's website still prominently features ASSASSIN-branded fireworks.

29.     Dynomite's continued and willful infringing use of the ASSASSIN mark for fireworks is likely to create confusion and/or is likely to cause consumers to assume, incorrectly, that Dynomite is affiliated, connected, or otherwise associated with Red Rhino. Indeed, Dynomite's counsel conceded in its January 24, 2018 letter that there is a likelihood of confusion due to the parties' concurrent use of the ASSASSIN mark.

## COUNT I – UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125

30.     Red Rhino realleges and incorporates by reference the allegations in Paragraphs 1–29, above, as if fully set forth herein.

31.     Red Rhino has used the ASSASSIN mark for fireworks since at least 2012.

32.     Red Rhino has used the ASSASSIN mark for fireworks continuously for an extended period of time to advertise and promote its fireworks.

33.     Red Rhino's extended and continuous use of the ASSASSIN mark for fireworks has indelibly impressed on the minds of the consuming public that the ASSASSIN mark identifies Red Rhino as the source of the fireworks. As a result, the ASSASSIN mark serves to identify Red Rhino as the source of its fireworks to consumers.

34.     Red Rhino has used the ASSASSIN mark to advertise, promote and sell its fireworks in Missouri, Kansas, Oklahoma, Arkansas, Texas, Louisiana, Mississippi, Pennsylvania, Wisconsin, Nebraska, Tennessee, North Dakota, South Dakota, Montana, Michigan, Indiana, New Mexico, and Arizona.

35.     On information and belief, Dynomite adopted and began using the infringing ASSASSIN mark no earlier than May 1, 2015. Thus, Dynomite's use post-dates Red Rhino's priority rights in the ASSASSIN mark.

36.     Dynomite is using the infringing ASSASSIN mark in connection with its sales of fireworks.

37.     Dynomite's willful and deliberate use of the ASSASSIN mark is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Dynomite's fireworks and constitutes unfair competition and false designations of origin in violation of 15 U.S.C. § 1125(a).

38.     As a result of Dynomite's violation of 15 U.S.C. § 1125(a), Red Rhino has been and will continue to be irreparably harmed unless this Court enjoins Dynomite under 15 U.S.C. § 1116.

39.     Dynomite has deliberately and willfully continued to infringe Red Rhino's rights in the ASSASSIN mark despite being on notice of Red Rhino's prior rights, and such intentional and willful conduct makes this an exceptional case.

40.     As a result of Dynomite's violation of 15 U.S.C. § 1125(a), Red Rhino is entitled to damages, Dynomite's profits, an award of attorney's fees and costs, and any all other relief authorized under 15 U.S.C. § 1117.

## COUNT II – TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER KANSAS LAW

41.     Red Rhino realleges and incorporates by reference the allegations in Paragraphs 1– 40, above, as if fully set forth herein.

42.     Dynomite's acts constitute common law trademark infringement, misappropriation of the goodwill of Red Rhino, and unfair competition under the common law of Kansas that has caused irreparable injury to Red Rhino.

### PRAYER FOR RELIEF

Wherefore, Red Rhino requests entry of judgment in its favor and against Dynomite on the claims set forth above and:

A.     Preliminarily and permanently enjoin and restrain Dynomite, its officers, directors, agents, dealers, representatives, servants, and employees, and all others acting in concert with Dynomite, from using the ASSASSIN or any mark that imitates or is confusingly similar to or in any way similar to Red Rhino's ASSASSIN mark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Red Rhino's fireworks or their connectedness to Dynomite;

B.     Order an accounting of Dynomite's profits from its infringing and unfair acts pursuant to 15 U.S.C. § 1117;

C.     Grant to Red Rhino an award of its damages, together with prejudgment interest, for the lost sales, loss of goodwill, and other damages suffered by Red Rhino as a result of the infringement by Dynomite, an award trebling said damages as a result of the willful nature of the infringement, and Dynomite's profits, enhanced profits, and/or statutory damages, pursuant to 15 U.S.C. §§ 1117(a) and (b);

D.      Order cancellation of U.S. Registration No. 4,936,828 or transfer of that registration to Red Rhino;

E.      Order Dynomite to deliver up for destruction pursuant to 15 U.S.C. § 1118 all packaging, labels, signs, prints, advertising or promotional material, and the like in the possession custody or under the control of Dynomite bearing the ASSASSIN mark or any other trademark found to infringe Red Rhino's ASSASSIN mark, as well as all plates, matrices, and other means of making the same;

F.      Declare this to be an exceptional case and grant to Red Rhino its attorney's fees and costs incurred in this action, pursuant to 15 U.S.C. § 1117 and other applicable laws;

G.      Grant to Red Rhino an award of its damages, together with prejudgment interest, for the lost sales, loss of goodwill, and other damages suffered by Red Rhino as a result of the acts of trademark infringement and unfair competition by Dynomite, pursuant to the laws of the State of Kansas; and

H.      Grant to Red Rhino such further relief as may be equitable and proper.


## <u>DEMAND FOR A JURY TRIAL</u>

Red Rhino respectfully demands a trial by jury on all claims and issues so triable in this matter.

Dated:  June 15, 2018                    Respectfully Submitted,

    *s/ Michael B. Hurd*
Michael B. Hurd, KS Bar No. 15,521
  mbh@hoveywilliams.com
Christopher W. Dawson, KS Bar. No. 26,531
  cdawson@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
T: (913) 647 – 9050
F: (913) 647 – 9057

ATTORNEYS FOR PLAINTIFF
CRAZY DEBBIES FIREWORKS, LLC,
DBA RED RHINO FIREWORKS

**TASSAN & HARDISON**

ATTORNEYS AT LAW
4143 27TH STREET NORTH
ARLINGTON, VIRGINIA 22207-5211

TEL 703/522-4583
703/522-5305
FAX 703/991-9110
MARIA@TASSAN.COM
BRUCE@TASSAN.COM

*VIA E-MAIL AND CERTIFIED MAIL*
*steve@redrhinofireworks.com*

January 24, 2018

Mr. Steven Houser
President
Red Rhino Fireworks
P.O. Box 2281
Joplin, Missouri 64803-2281

Re:   Dynomite Fireworks, LLC
      Trademark Infringement
      ASSASSIN

Dear Mr. Houser:

We are trademark counsel for Dynomite Fireworks, LLC ("Dynomite"), the owner of U.S. Registration No. 4,936,828 for the mark ASSASSIN for "fireworks."  A copy of the registration is enclosed.  The mark has been used on the products since at least as early as May 1, 2015.   More information about Dynomite is available at www.dynomitefirworks.com.

It has come to our client's attention that Red Rhino has been selling fireworks using the mark ASSASSIN, including on its website www.redrhinofireworks.com (see enclosure). Clearly, the sale of these products featuring the mark is misleading the consuming public into believing they originate from Dynomite or are authorized by Dynomite.

In addition to infringing Dynomite's federal registration rights, Red Rhino's continued use of the mark is also a violation of Section 43(a) of the Lanham Act [15 U.S.C. §1125(a)] which provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which -
>
> > (1) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

Mr. Steven Houser
January 24, 2018
Page 2

> (2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Even if these products do not originate from Red Rhino, the sale of infringing products by Red Rhino make it liable as a contributory infringer should it continue to sell them. After having received this notice, Red Rhino cannot claim immunity from the willful infringement remedies available under 15 U.S.C. §1114.

Dynomite cannot permit its mark to be used in connection with products over which it has no control. To do so would tarnish the goodwill established in the mark and damage Dynomite's reputation. We demand that your company immediately:

1. Cease all sale of products featuring the mark ASSASSIN;

2. Remove any products featuring the mark ASSASSIN from your website, catalog, and any third-party websites where your products are sold;

3. Terminate all use of images featuring the mark ASSASSIN;

4. Deliver up for destruction all products featuring the mark ASSASSIN; and

5. Provide a full and complete accounting of all sales generated from the use of the mark ASSASSIN.

Please provide us with a written response by no later than **February 5, 2018** confirming that Red Rhino has ceased use of the mark ASSASSIN or intends to take steps to do so. This letter is written without prejudice to our client's rights and remedies, all of which are expressly reserved.

We hope that this matter can be amicably resolved.

Sincerely,

*Maria v. Hardison*

Maria v. Hardison

Enclosure
REDRHINO.001



# United States of America
## United States Patent and Trademark Office

# ASSASSIN

**Reg. No. 4,936,828**

**Registered Apr. 12, 2016**

**Int. Cl.: 13**

**TRADEMARK**

**PRINCIPAL REGISTER**

DYNOMITE WHOLESALE LLC (MISSOURI LIMITED LIABILITY COMPANY)
P.O. BOX 717
SEYMOUR, MO 65746

FOR: FIREWORKS, IN CLASS 13 (U.S. CLS. 2 AND 9).

FIRST USE 5-1-2015; IN COMMERCE 5-1-2015.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-751,630, FILED 9-9-2015.

CAROLYN CATALDO, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

 orks       Container Program     About Red Rhino     Media Resources     Blog     FAQ     Locations     Demo Events      

Search Products     🔍



# FIREWORKS



## Assassin

### 📹 **Watch Video**

**SKU:** 1101690



**9 Shots:** A beast of a break in Brocade crown, purple peony and green glitter; silver wave and green peony.

## Downloads

📹 Video        🖼 Full size image

< Share





Michael B. Hurd
Direct:  (913) 232-5023
mhurd@hoveywilliams.com

February 5, 2018

**VIA E-MAIL**

Maria v. Hardison
TASSAN & HARDISON
4143 27th Street North
Arlington, Virginia 22207-5211
maria@tassan.com

RE:     Dynomite Fireworks LLC – Alleged Infringement of ASSASSIN Mark

Dear Ms. Hardison:

Further to our letter of February 1, 2018, we have reviewed your letter and U.S. Registration No. 4,936,828 for the ASSASSIN mark and disagree with your conclusion that Red Rhino Fireworks is infringing Dynomite Fireworks' rights or that Dynomite Fireworks is otherwise entitled to any relief under the Lanham Act.

More particularly, in your letter you allege that Dynomite Fireworks has been selling fireworks using the ASSASSIN mark since at least as early as May 1, 2015. That allegation is consistent with the federal registration for the mark, which states that Dynomite Fireworks' first use in commerce of the ASSASSIN mark was May 1, 2015.

However, Red Rhino Fireworks has been consistently using the ASSASSIN mark on fireworks since a date prior to May 1, 2015 in the same trade areas as Dynomite Fireworks. Red Rhino Fireworks' rights in the ASSASSIN mark thus apparently predate any claim Dynomite Fireworks may have to the mark. Accordingly, please provide any information you may have showing that Dynomite Fireworks' priority in the mark predates May 1, 2015. If you cannot do so, there is no basis for your allegations that Red Rhino Fireworks' use of the ASSASSIN mark is actionable under the Lanham Act, and we respectfully request a prompt response acknowledging the same.

We ask that you respond to this letter by **February 19, 2018**. This letter does not set forth a complete statement of the rights and defenses Red Rhino Fireworks may have and all such rights and defenses are expressly reserved.

10801 Mastin Boulevard, Suite 1000 | 84 Corporate Woods | Overland Park, Kansas 66210
Tel: (913) 647-9050 | Fax: (913) 647-9057 | www.hoveywilliams.com

*Limited Liability Partnership of Professional Corporations*
*Established 1929*

Case 6:18-cv-03411-RK   Document 14-1   Filed 12/14/18   Page 21 of 29    **Exhibit B**

Maria v. Hardison
February 5, 2018
Page 2

      We look forward to your response.

                          Sincerely,
                          **HOVEY WILLIAMS LLP**

By                        Michael B. Hurd

| From: | Michael B. Hurd |
| To: | Robbins, Glenn |
| Cc: | Melissa Ahlers; Nichols, Rodney |
| Subject: | RE: Dynomite Fireworks LLC - ASSASSIN [IWOV-DMS.FID547241] |
| Date: | Wednesday, April 18, 2018 12:11:13 PM |
| Attachments: | Letter dated February 5, 2018.pdf |

Glenn,

Please let me know whether you intend to respond to the attached letter.

**Michael B. Hurd**
Hovey Williams LLP
10801 Mastin Blvd, Suite 1000
84 Corporate Woods
Overland Park, KS 66210

T 913.647.9050 | Direct 913.232.5023
F 913.647.9057
http://www.hoveywilliams.com

## Where Ingenuity Thrives®

**From:** Michael B. Hurd
**Sent:** Thursday, March 15, 2018 12:02 PM
**To:** 'Robbins, Glenn' <GRobbins@spencerfane.com>
**Cc:** Melissa Ahlers <mahlers@hoveywilliams.com>; Nichols, Rodney <rnichols@spencerfane.com>
**Subject:** RE: Dynomite Fireworks LLC - ASSASSIN [iWOV-DMS.FID547241]

Glenn,

I am following up to see when we should expect to receive a response in this matter.

**Michael B. Hurd**
Hovey Williams LLP
10801 Mastin Blvd, Suite 1000
84 Corporate Woods
Overland Park, KS 66210

T 913.647.9050 | Direct 913.232.5023
F 913.647.9057
http://www.hoveywilliams.com

## Where Ingenuity Thrives®

**From:** Robbins, Glenn <GRobbins@spencerfane.com>
**Sent:** Wednesday, February 28, 2018 4:46 PM

**Exhibit C**

**To:** Michael B. Hurd <mbh@hoveywilliams.com>
**Cc:** Melissa Ahlers <mahlers@hoveywilliams.com>; Nichols, Rodney <rnichols@spencerfane.com>
**Subject:** RE: Dynomite Fireworks LLC - ASSASSIN [IWOV-DMS.FID547241]

Michael,

Yes, we are now representing Dynomite Wholesale, LLC in its trademark matters. We received the files forwarded by the Tassan firm yesterday.

I will review the referenced correspondence as soon as possible and reply in due course.

Best Regards,

**Glenn K. Robbins II** Attorney at Law
Spencer Fane LLP

1 North Brentwood Boulevard, Suite 1000 | St. Louis, MO 63105
O 314.333.3932
grobbins@spencerfane.com | spencerfane.com

> **From:** Michael B. Hurd [mailto:mbh@hoveywilliams.com]
> **Sent:** Wednesday, February 28, 2018 4:21 PM
> **To:** Robbins, Glenn
> **Cc:** Melissa Ahlers
> **Subject:** FW: Dynomite Fireworks LLC - ASSASSIN [IWOV-DMS.FID547241]
>
> Glenn,
>
> I understand you are now representing Dynomite Fireworks in connection with its trademark infringement allegations against Red Rhino Fireworks. Please confirm that is the case and let me know when you believe you will be able to respond to the attached letter I sent to Ms. Hardison on February 5.
>
> ### Michael B. Hurd
> Hovey Williams LLP
> 10801 Mastin Blvd, Suite 1000
> 84 Corporate Woods
> Overland Park, KS 66210
>
> T 913.647.9050 | Direct 913.232.5023
> F 913.647.9057
> http://www.hoveywilliams.com
>
> ### Where Ingenuity Thrives®
>
> **From:** Maria Hardison [mailto:maria@tassan.com]
> **Sent:** Wednesday, February 28, 2018 12:26 PM

**Exhibit C**

**To:** Michael B. Hurd <mbh@hoveywilliams.com>
**Cc:** Melissa Ahlers <mahlers@hoveywilliams.com>
**Subject:** RE: Dynomite Fireworks LLC - ASSASSIN [IWOV-DMS.FID547241]

Mr. Hurd,

Please contact Glenn Robbins at Spencer Fane.  His firm has assumed responsibility for this matter.

T 314.333.3932
F 314.862.4656
grobbins@spencerfane.com

**Maria v. Hardison**
**Tassan & Hardison**
**4143 27th Street N.**
**Arlington, Virginia 22207-5211**
**T:  703-522-4583**
**F:  703-991-9110**
**E: maria@tassan.com**

**From:** Michael B. Hurd [mailto:mbh@hoveywilliams.com]
**Sent:** Wednesday, February 28, 2018 9:05 AM
**To:** Maria Hardison <maria@tassan.com>
**Cc:** Melissa Ahlers <mahlers@hoveywilliams.com>
**Subject:** RE: Dynomite Fireworks LLC - ASSASSIN [IWOV-DMS.FID547241]

Ms. Hardison,

Please let me know when we should expect to receive a response to my February 5 letter.

**Michael B. Hurd**
Hovey Williams LLP
10801 Mastin Blvd, Suite 1000
84 Corporate Woods
Overland Park, KS 66210

T 913.647.9050 | Direct 913.232.5023
F 913.647.9057
http://www.hoveywilliams.com

**Where Ingenuity Thrives®**

**From:** Maria Hardison [mailto:maria@tassan.com]
**Sent:** Tuesday, February 13, 2018 12:28 PM
**To:** Michael B. Hurd <mbh@hoveywilliams.com>

**Exhibit C**

**Cc:** Melissa Ahlers <mahlers@hoveywilliams.com>
**Subject:** RE: Dynomite Fireworks LLC - ASSASSIN [iWOV-DMS.FID547241]

Mr. Hurd,

We are in receipt of your correspondence.

We will discuss the matter with our client and get back to you shortly.

**Maria v. Hardison**
**Tassan & Hardison**
**4143 27th Street N.**
**Arlington, Virginia 22207-5211**
**T: 703-522-4583**
**F: 703-991-9110**
**E: maria@tassan.com**

**From:** Michael B. Hurd [mailto:mbh@hoveywilliams.com]
**Sent:** Monday, February 5, 2018 12:06 PM
**To:** maria@tassan.com
**Cc:** Melissa Ahlers <mahlers@hoveywilliams.com>
**Subject:** RE: Dynomite Fireworks LLC - ASSASSIN [IWOV-DMS.FID547241]

Ms. Hardison,

Please see the attached correspondence. Please confirm your receipt of this e-mail.

### Michael B. Hurd
Hovey Williams LLP
10801 Mastin Blvd, Suite 1000
84 Corporate Woods
Overland Park, KS 66210

T 913.647.9050 | Direct 913.232.5023
F 913.647.9057
http://www.hoveywilliams.com

### Where Ingenuity Thrives®

**From:** Michael B. Hurd
**Sent:** Thursday, February 1, 2018 10:53 AM
**To:** maria@tassan.com
**Cc:** Melissa Ahlers <mahlers@hoveywilliams.com>
**Subject:** Dynomite Fireworks LLC - ASSASSIN [IWOV-DMS.FID547241]

**Exhibit C**

Ms. Hardison,

Please see the attached correspondence.

**Michael B. Hurd**
Hovey Williams LLP
10801 Mastin Blvd, Suite 1000
84 Corporate Woods
Overland Park, KS 66210

T 913.647.9050 | Direct 913.232.5023
F 913.647.9057
http://www.hoveywilliams.com

NOTICE: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and may contain confidential and legally privileged information intended for the use of the person(s) named above. If you received this electronic transmission in error, please reply to the above-referenced sender about the error and permanently delete the original message and any attachments. Unauthorized use, copying, review and/or distribution to unauthorized persons is strictly prohibited. Further, the Kansas Bar Disciplinary Counsel requires all Kansas lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from us to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or computers or even some computer unconnected to either of us which the e-mail passed through. If you want future communication to be sent in a different fashion, please let us know at (913) 647-9050 AT ONCE.

**Exhibit C**



Michael B. Hurd
Direct: (913) 232-5023
mhurd@hoveywilliams.com

May 16, 2018

**<u>VIA E-MAIL</u>**

Glenn K. Robbins II
Spencer Fane LLP
1 North Brentwood Blvd.
Suite 1000
St. Louis, MO 63105

   RE: Dynomite Fireworks LLC – Alleged Infringement of ASSASSIN Mark

Dear Mr. Robbins:

   We write regarding Dynomite Fireworks LLC's allegation that Red Rhino Fireworks is infringing the ASSASSIN trademark, which is the subject of U.S. Registration No. 4,936,828. Despite repeated requests, we have not received any evidence that Dynomite Fireworks began use of the ASSASSIN mark for fireworks prior to the May 1, 2015 date of first use alleged in the subject trademark registration. Absent such evidence, we believe Red Rhino Fireworks, which is a Missouri registered fictitious name of Crazy Debbies Fireworks, LLC, has superior rights in the ASSASSIN mark because of its adoption and use of that mark prior to May 1, 2015. Evidence of Red Rhino Fireworks' prior use of the ASSASSIN mark can be found at page 9 of its 2014 catalog, portions of which are reproduced below:





10801 Mastin Boulevard, Suite 1000 | 84 Corporate Woods | Overland Park, Kansas 66210
Tel: (913) 647-9050 | Fax: (913) 647-9057 | www.hoveywilliams.com

*Limited Liability Partnership of Professional Corporations*
*Established 1929*

Glenn K. Robbins II
May 16, 2018
Page 2

Accordingly, we must request that Dynomite Fireworks:

1.    Immediately withdraw its allegation that Red Rhino Fireworks' use of the ASSASSIN trademark infringes the rights of Dynomite Fireworks;
2.    Immediately cease all use of the ASSASSIN trademark, including but not limited to all use of the mark on its website, other promotional materials, price lists, and product packaging, and agree not to make any further use of that mark or any confusingly similar marks;
3.    Transfer ownership of U.S. Registration No. 4,936,828 to Red Rhino Fireworks; and
4.    Pay to Red Rhino Fireworks all profits realized by Dynomite Fireworks from sales of fireworks bearing the ASSASSIN mark.

We ask that you respond by May 22, 2018 and provide us with your assurances that Dynomite Fireworks will comply with these demands. Absent such assurances, Red Rhino Fireworks will consider taking further action to protect its valuable intellectual property rights, including by filing suit should that prove necessary.

Nothing in this letter is intended to or shall be construed to constitute an express or implied waiver of any rights or remedies that Red Rhino Fireworks may possess in connection with this matter, all of which are hereby expressly reserved. In addition, this letter is not intended to be a complete recitation of the facts upon which this matter is based.

We look forward to your response.

Sincerely,
**HOVEY WILLIAMS LLP**

By    Michael B. Hurd